# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHAW'S MENSWEAR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-104 (MTT) |
| | ) |
| H. CRAIG DELONGY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Shaw's Menswear, Inc. has moved to remand this case to the Superior Court of Putnam County. Doc. 13. Shaw's has also moved for attorney's fees incurred as a result of filing the motion to remand. Doc. 21. For the following reasons, Shaw's motion to remand (Doc. 13) is **GRANTED**,[1] and Shaw's motion for attorney's fees (Doc. 21) is **DENIED**.

## I. BACKGROUND

On January 12, 2009, Shaw's entered into a consignment contract with Defendants G.C. of Winter Park, Inc. and JCNAPLES, Inc. Doc. 1-1 at 41-50. On January 6, 2016, Shaw's entered into another consignment contract with Defendant JCWP, LLC. *Id.* at 52-59. Defendant H. Craig Delongy signed the 2009 contract on behalf of Winter Park and JCNAPLES, and he signed the 2016 contract on behalf of

---

[1] Accordingly, the Defendants' motion to dismiss (Doc. 10) is **DENIED as moot**.

JCWP. Doc. 1-1 at 50, 59. The contracts, which were both drafted by Shaw's, contain identical forum selection clauses:

> The parties agree that the situs and venue of any suit commenced under this contract shall be Putnam County, Georgia. The parties further agree that any negotiations on transactions affecting this contract and the entry into this contract shall be deemed to have taken place in Putnam County, Eatonton, Georgia. Owner hereby consents to the personal jurisdiction of the courts of Putnam County, Georgia, and agrees to acknowledge service of any suit filed against Owner by Supplier in Putnam County, Georgia.

Docs. 1-1 at 49, 58; 19-1 ¶ 3.

On February 8, 2019, Shaw's filed suit in the Superior Court of Putnam County alleging the Defendants breached both contracts. Doc. 1-1. On March 21, the Defendants removed the case to this Court. Doc. 1. On April 8, Shaw's filed a motion to remand the case to Putnam County, citing the forum selection clause, and subsequently filed a motion for attorney's fees. Docs. 13; 21.

## II. MOTION TO REMAND

Upon removing a case from state to federal court, a party may file a motion to remand the case to state court "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days." 28 U.S.C. § 1447. A forum selection clause constitutes such a defect. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999). The enforceability of a forum selection clause in a diversity jurisdiction case is governed by federal law, and ordinary contract interpretation principles apply. *See P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003); *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). Significantly, in the Eleventh Circuit, a "clear and unequivocal" contractual waiver of the

statutory right of removal within the forum selection clause is not required to grant a motion to remand.  *Snapper, Inc.*, 171 F.3d at 1260-61.

Citing a case in which the Southern District of Ohio denied a motion to remand, the Defendants contend that the word "commenced" as used in the forum selection clause only requires that a suit be filed in Putnam County, and thus removal after filing is not precluded.  Doc. 19 at 4-5 (citing *Huntington Copper Moody & Maguire, Inc. v. Cypert*, 2005 WL 2290318 (S.D. Ohio 2005)).  In *Huntington*, the forum selection clause stated that "any legal *action . . . commenced under this Agreement* shall be filed in the Court of Common Pleas, Hamilton County, Ohio."  2005 WL 2290318, at *1 (emphasis added).  The court denied the motion to remand because the forum selection clause did not contain an additional waiver, which is required by the Sixth Circuit.  *Id.* (using the same reasoning as the Sixth Circuit in *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990), where the Sixth Circuit held that a forum selection clause must contain and additional "clear and unequivocal waiver" of the right to remove because the right is absolute, even when the clause's existing language was unambiguous).  The Eleventh Circuit, however, has rejected the argument that forum selection clauses must, in addition to setting the forum, clearly and unequivocally waive any right to remove.  *Snapper, Inc.*, 171 F.3d at 1260-61 ("We need not decide whether the clause rises to the level of a clear and unequivocal waiver because we do not agree that such a high standard is desirable.") (footnote omitted).

Applying ordinary contract principles to the parties' forum selection clause, the Court concludes that the clause requires the parties to resolve their disputes in Putnam County and that the Defendants waived their right to federal court.  The clause does not

merely require that any suit arising under the contract "shall commence" in Putnam County, thereby allowing a party to later remove the case, as the Defendants argue.[2] *See* Doc. 19 at 3. Rather, the clause states that "the situs and venue of any suit commenced under this contract shall be Putnam County." *Id.* at 2. In other words, "commenced under this contract" defines the scope of the clause, and for actions within that scope, "the situs and venue . . . shall be Putnam County." The forum selection clause thus requires the suit to take place in Putnam County. Accordingly, Shaw's motion to remand (Doc. 13) is **GRANTED**.

### III. MOTION FOR ATTORNEY'S FEES

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Though the award of costs and attorney's fees under this provision is discretionary, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Although the Defendants' interpretation of the forum selection clause was incorrect, it was not unreasonable. The Court concludes the Defendants had an

---

[2] The Defendants cite *John's Insulation, Inc. v. Siska Constr. Co., Inc.*, 671 F. Supp. 289 (S.D.N.Y. 1987), in which that court found that the forum selection clause stating that "any action hereunder *shall be commenced* in [state court]" did not preclude removal. Doc. 19 at 5 (citing 671 F. Supp. 289, 295 (S.D.N.Y. 1987) (emphasis added)). There, "commenced" does not define the scope of the clause. *See John's Insulation, Inc.*, 671 F. Supp. at 295. Rather, that forum selection clause simply requires filing, or "commencing," in state court; it does not preclude removal. *Id.*

objectively reasonable basis for removal and declines to award fees and costs. Accordingly, Shaw's motion for attorney's fees (Doc. 21) is **DENIED**.

## IV.  CONCLUSION

For the reasons discussed above, Shaw's motion to remand (Doc. 13) is **GRANTED**, and its motion for attorney's fees (Doc. 21) is **DENIED**.  This case is **REMANDED to the Superior Court of Putnam County**.  Accordingly, the Defendants' motion to dismiss (Doc. 10) is **DENIED as moot**.  Pursuant to 28 U.S.C. § 1447(c), the Clerk is **DIRECTED** to mail a certified copy of this order to the Clerk of the Superior Court of Putnam County.

**SO ORDERED,** this 22nd day of July, 2019.

>S/ Marc T. Treadwell
>MARC T. TREADWELL
>UNITED STATES DISTRICT COURT